UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. DAVIS,

      Plaintiff,

  v.

TUOLUMNE COUNTY, et al.,

      Defendants.

No.  1:25-cv-00925-JLT-SAB (PC)

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE

(ECF No. 34)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed May 4, 2026.  (ECF No. 34.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff seeks counsel because he does not have any formal legal education and he is having difficulty litigating this action.  However, even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  Indeed, normal challenges faced by pro se litigants do not warrant appointment of counsel.  See Siglar v. Hopkins, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); Faultry v. Saechao, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); Snowden v. Yule, 2020 WL 2539229, at *1 (E.D. Cal., May 19, 2020) (noting that "limited access to the prison law library and resources, particularly during the current COVID-19 health crisis" is a circumstance that plaintiff shares with many other prisoners); Courtney v. Kandel, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners

2

pursuing civil rights claim" and cannot form the basis for appointment of counsel).  Furthermore, to date, Plaintiff has demonstrated that he is capable of drafting the complaint and preparing necessary motions in litigating this case without the assistance of counsel.  Moreover, at this stage, the Court is unable to assess Plaintiff's likelihood of success on the merits.  Accordingly, Plaintiff's second motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:    **May 5, 2026**    _____
STANLEY A. BOONE
United States Magistrate Judge

3