UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. DAVIS,<br><br>             Plaintiff,<br><br>        v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>             Defendants. | No.  1:25-cv-00925-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR CONSOLIDATION<br><br>(ECF Nos. 26, 30) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On April 13, 2026, and May 4, 2026, Plaintiff filed motions to consolidate.  (ECF Nos. 26, 30.)  On May 4, 2026, Defendant filed an opposition to Plaintiff's April 13, 2026, motion. (ECF No. 35.)

**I.**

**LEGAL STANDARD**

Plaintiff requests that this action ("Davis II") be consolidated with Davis v. Tuolumne County Jail, et. al. ("Davis I"), Case No. 1:25-cv-00485-JLT-EGC (PC). (ECF Nos. 26, 30.) Plaintiff argues that the cases have the same District Judge and share multiple defendants and facts.  (Id.)

1

Defendant acknowledges that the cases proposed for consolidation share common factual allegations and involve common defendants, but argue the presence of these commonalities does not mandate consolidation under FRCP 42(a).

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. Rule 42(a) provides as follows:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777 (9th Cir. 1989).  Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977).  In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Sw. Marine, Inc. v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

## II.

## BACKGROUND

**A.     Case Number 1:25-cv-00485 (Davis I)**

On April 28, 2025, Plaintiff filed his original complaint under case number 1:25-cv-00485.  (ECF No. 1.)  Prior to screening the original complaint, Plaintiff filed a first amended complaint on June 16, 2025.  (ECF No. 11.)

On March 17, 2026, the Court screened the first amended complaint, found no cognizable claims, and granted Plaintiff twenty-one days to file a second amended complaint.  (ECF No. 12.)

Therein, it was noted that Plaintiff identified the Tuolumne County Jail, Tuolumne County, the Tuolumne County District Attorney, and Lieutenant/Jail Commander Hurtado as defendants in this action. (ECF No. 12 at 5.)  Plaintiff sought immediate release from jail, $22,000,000 for "torture and mental anguish," $2,500 "a day detained without medical care," and $400 "per call that got cut off." (Id.)  Plaintiff brought the following three claims for relief: (1) denial of medical care; (2) denial of access to the courts and due process; and (3) denial of telephone access.  (Id. at 5-6.)

On March 30, 2026, Plaintiff filed a second amended complaint, along with a motion to consolidate with the instant action.  (ECF Nos. 13, 14.)  Therein, Plaintiff lists the defendants as the Tuolumne County Sheriff Department, Neil Evans, Lt. Hurtado, and Nate Yorston. (ECF No. 13.)  Claim one alleges violations of equal protection and due process, Cal. Civil Code 52.3, 18 USCS 241, 18 USCS 242, 42 USCS 1985, and 42 USCS 1986. Plaintiff alleges that since his incarceration he was able to cover his lights until he filed a lawsuit in federal court and Hurtado began enforcing the violations against him, but no one else in his unit.  Plaintiff asserts this present lawsuit under case number 1:25-cv-00925 created the retaliatory actions.  (Id. at 3-4, 5-9.)  Plaintiff includes additional allegations of retaliatory acts from deputies related to the lighting and the aggravation of Plaintiff's PTSD.  (Id. at 4, 10-16.)  The Court has yet to screen Plaintiff's second amended complaint or rule on Plaintiff's motion to consolidate.

**B.      Case Number 1:25-cv-00925 (Davis II)**

On August 6, 2025, the Court screened Plaintiff's complaint, found not cognizable claim for relief, and granted Plaintiff leave to file a first amended complaint.  (ECF No. 5.)

Plaintiff filed a first amended complaint on August 22, 2025.  (ECF No. 6.)  Therein, Plaintiff named the Tuolumne County, Sgt. Rohr, Sgt. Richards, Sgt. Seebring, Sgt. Scherts, Cpl. Holt, Dep. Boulason, Dep. Mendoza, Dep. Holmes, Dep. Cahil, Tuolumne County Sheriff Department, Dr. Lancaster, Lt. Hurtado, and Sgt. Pits, as Defendants.  (Id. at 1-2, 5-6.)  Plaintiff alleged that bright lights in his cell exacerbated a pre-diagnosed mental health condition. Plaintiff further alleged that when he attempted to speak with Dr. Lancaster about the flare up "[Dr. Lancaster] had deliberate indifference" towards the issues faced by Plaintiff.  (Id. at 5, 7-8.)

3

Plaintiff further alleged that he covered his lights with paper to dim the harsh light and was subsequently written up by the prison staff in retaliation for filing his lawsuit in federal court. (Id. at 9-14.)

On September 5, 2025, the Court issued the second screening order, finding Plaintiff stated a cognizable retaliation claim against Hurtado, but no other claims were found to be cognizable. (ECF No. 7.) The Court granted Plaintiff leave to file a second amended complaint or notify the Court of his intent to proceed only on the retaliation claim. (Id.) On September 22, 2205, Plaintiff notified the Court of his intent to proceed only on the retaliation claim against Defendant Hurtado. (ECF No. 9.) Accordingly, on October 19, 2025, the Court dismissed all other claims and Defendants from the action. (ECF No. 13.)

On April 6, 2026, Plaintiff filed a motion requesting leave to file a second amended complaint. Plaintiff claimed to have more defendants to add to the cause of action as well as a new claim under the First Amendment of the U.S. Constitution against Lt. Hurtado. ECF No. 22. On April 8, 2026, the Court denied the motion because Plaintiff failed to concurrently file a proposed second amended complaint. (ECF No. 23 at 2:3-11.) On April 13, 2026, Plaintiff attempted to lodge his proposed Second Amended Complaint with the court. (ECF No. 24.)

On April 20, 2026, Plaintiff filed an identical motion requesting leave to file a second amended complaint, along with a second amended complaint filed separately instead of as an exhibit, as requested by the Court. (ECF Nos. 27, 28.) The Court has not yet issued an order on Plaintiff's attempt to file a subsequent second amended complaint.

## III.

## DISCUSSION

### A.    Common Questions of Law and Fact

The threshold requirement for consolidation is that cases involve a common question of law or fact. Fed. R. Civ. P. 42. Defendant argues that this threshold is satisfied because the cases share common factual allegations and common defendants, but only if we look at the second amended complaints, which have yet to be screened or accepted by the Court. However, satisfaction of this threshold requirement does not end the Court's inquiry. The Court must

4

proceed to weigh countervailing factors.

**B.    Judicial Economy and Convenience**

In this instance, Plaintiff only created common factual allegations and defendants through the filing of his second amended complaints. The initial complaints in the two cases involved completely different causes of action and defendants. Moreover, substantial countervailing factors weigh against consolidation.  First, neither second amended complaint has been screened, nor has Plaintiff been permitted to file an amended complaint in this case.  Indeed, in Davis I, there are no pending claims against any defendant. As such, it appears Plaintiff is attempting to shoehorn theories into this case that have already been rejected in his other.  Moreover, Plaintiff has been directed not to include new or unrelated claims in his amended complaints in both cases.  (ECF No. 5; No. 1:25-cv-00485 ECF No. 12.)

In addition, the cases are in different procedural postures. In the instant case, discovery has been served, Plaintiff's motion to amend is pending, and the scheduling order has been issued.  In Davis I, no Defendants have been served or appeared in the case, and there is no screening order regarding the second amended complaint filed by Plaintiff, which brings up completely different causes of actions and claims than his original complaint filed in that case. Accordingly, it is difficult at this juncture to determine whether or not there will be common causes of action or common defendants.

Further, depending on which claims pass screening, consolidation would create prejudice on the parties by allowing a future jury to be exposed to evidence that is irrelevant to Plaintiff's other claims. Federal Rule of Evidence 403 recognizes that evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury. In consolidated cases, the risk of such prejudice is heightened because evidence relevant to one claim may be improperly considered in evaluating the other claim.

If both cases are consolidated, the jury may be improperly influenced regarding the retaliation claim based on the allegations set forth in Plaintiff's other case involving the alleged denial of law library access, religious interference, and medical neglect. The jury may assume that

5

those claims support the finding of an adverse action taken in retaliation for a protected activity, when in fact those claims require proof they were interfered with as protected activities within themselves. As such, consolidation is not warranted and would cause unfair prejudice to the parties and claims in both cases.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions to consolidate, (ECF Nos. 26, 30), are DENIED.

IT IS SO ORDERED.

Dated:   **May 14, 2026**

STANLEY A. BOONE
United States Magistrate Judge