UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. DAVIS,

          Plaintiff,

     v.

TUOLUMNE COUNTY, et al.,

          Defendants.

No.  1:25-cv-00925-JLT-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION TO AMEND

(ECF No. 27)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed April 20, 2026.[1]  (ECF No. 27, 28.)  Defendant filed an opposition on May 11, 2026.  (ECF No. 37.)

**I.**

**LEGAL STANDARD**

Rule 15 governs amendment to pleadings. A party is allowed to "amend its pleading once as a matter of course" under Rule 15(a)(1). Rule 15 allows subsequent amendments to pleadings "only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Sonoma Cnty. Ass'n of

---

[1] Plaintiff also submitted a proposed second amended complaint which was lodged by the Court.  (ECF No. 28.)

Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Prejudice to the opposing party is the most important factor. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The Ninth Circuit has recognized the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

**II.**

**DISCUSSION**

Plaintiff seeks to amend the complaint to add a new claim against new Defendants.

Defendant opposes Plaintiff's motion because the proposed amendment is futile, demonstrates lack of diligence, would cause undue prejudice to Defendant, and represents an abuse of the amendment process.

Plaintiff's motion to amend must be denied. On September 5, 2025, the Court screened Plaintiff's first amended complaint, and found that Plaintiff stated a cognizable retaliation claim against Defendant Hurtado, but failed to state any other cognizable claims. (ECF No. 7.) The Court granted Plaintiff leave to file a second amended complaint or notify the Court of his intent to proceed only on the retaliation claim. (Id.) On September 22, 2025, Plaintiff filed a notice of intent to proceed on the claim found to be cognizable. (ECF No. 9.) Therefore, on September 23, 2025, Findings and Recommendations were issued recommending this action proceed solely on Plaintiff's retaliation claim against Defendant Hurtado, and all other claims and Defendants be dismissed from the action. (ECF No. 12.) The Findings and Recommendations were adopted in full on October 20, 2025. (ECF No. 13.)

///

///

2

Plaintiff now seeks leave to amend the complaint by adding a new claim and new parties that are completely unrelated to the operative complaint. The proposed new claim contains new facts which Plaintiff attempts to relate to the same legal theory under the operative complaint. Furthermore, the new parties Plaintiff attempts to add were named in the operative complaint; however, those claims were not cognizable nor related to the retaliation claim found to be cognizable.  (ECF No. 7.)  Indeed, all claims (and Defendants), except the retaliation claim against Defendant Hurtado, were dismissed from the action without further leave to amend, at Plaintiff's acquiesce.  (ECF No. 9.)

**A.      Futility Based on Improper Joinder**

Futility of amendment is an independent ground justifying denial of a motion for leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should not be granted where amendment would be futile. Id. at 182.

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

Plaintiff seeks to bring a new First Amendment retaliation claim based on facts that are completely different and not relevant to the retaliation claim found to be cognizable of which Plaintiff chose to proceed.  In the proposed second amended complaint, Plaintiff alleges that the refusal to provide him with unleavened bread and grape juice to celebrate Passover violated his First Amendment violated his First Amendment right to Freedom of Association. While Plaintiff attempts to improperly connect this claim to the retaliation claim, the facts do not arise from the same transaction or occurrence, in fact they are years apart and touch on two completely different protections under the First Amendment. Additionally, Plaintiff attempts to add new Defendants;

3

Tuolumne County Sheriff Department, Neil A. Evans, and Sergeant Schertz under the new First Amendment violation claim which is improper joinder under Rule 20.  Thus, Plaintiff's amendment is futile.

### B.    Lack of Diligence

If the district court finds a lack of diligence, "the inquiry should end." Johnson, 975 F.2d at 609. ..." Faunce v. Martinez, No. 21-cv-363-MMA (WVG), 2022 WL 2306823, at *3 (S.D. Cal. June 27, 2022).  The Court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).  Here, Plaintiff has failed to demonstrate that he was diligent.  The Court has previously permitted Plaintiff leave to amend his complaint, and he agreed to proceed solely on the retaliation claim against Defendant Hurtado and dismiss all other claims and Defendants.  Allowing Plaintiff to now circumvent the screening process by adding unrelated claims after the screening order has been issued and after Plaintiff has filed a notice to proceed, would undermine the purposes of the screening statute and the Court's prior screening order.  Further, the timing and circumstances of this amendment suggest delay rather than the discovery of new facts or the emergence of new legal theories during the course of litigation.  Plaintiff has not demonstrated that the facts underlying the new claim were unknown or unavailable at the time of the screening order. The addition of a completely unrelated claim, rather than an alternative theory of recovery based on the same underlying facts, indicates that Plaintiff is attempting to expand the scope of the litigation.  In addition, the Court has previously dismissed the claims against the individuals he now seeks to amend and amendment is futile which further demonstrates Plaintiff's lack of diligence.

### C.    Undue Prejudice

The Supreme court identified undue prejudice to the opposing party by virtue of the allowance of the amendment as a ground for denying leaving to amend. Foman, 371 U.S., at 182. The Ninth Circuit has held the consideration of prejudice to the opposing party carries the greatest weight when determining whether to allow the movant party leave to amend. Eminence Capital,

4

LLC., 316 F.3d at 1052.

Here, Defendant would suffer prejudice from Plaintiff's proposed amendment because it seeks to introduce a wholly unrelated claim with entirely new facts, fundamentally altering the scope and nature of this litigation. This is not a minor modification to existing claims or a supplemental allegation arising from the same operative facts. Rather, it represents material expansion of the case that would require Defendant to undertake discovery on issues entirely separate from those already brought forth in the litigation.

Additionally, Plaintiff's proposed amendment would require modification of the existing scheduling order to accommodate discovery on unrelated claims. Defendant submits that Plaintiff has already served discovery in this matter and he has already responded.  Thus, expansion of the scope of discovery would delay resolution of the case and impose additional burdens on the Court and Defendant.

Further, allowing amendment at this stage would reward Plaintiff's lack of diligence and impose substantial costs on Defendant, who has already structured its discovery and litigation strategy around the claims and factual allegations as originally pleaded in the first amended complaint.

Moreover, while the Court need not find actual bad faith, the timing and circumstances of Plaintiff's motion demonstrate strategic delay that justifies denial. Plaintiff had a clear opportunity to amend during the screening order process and deliberately chose not to exercise that right. The subsequent filing of a notice to proceed, followed by a motion to add a completely unrelated claim, demonstrates strategic delay rather than diligence or the discovery of new facts. The sequence of events suggests Plaintiff is attempting to gain a tactical advantage by introducing new claims after Defendant has prepared its defense on the operative complaint.  Thus, this factor weighs in favor of denying amendment.

///

///

///

///

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend the complaint (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated:    **June 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge

6