UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. DAVIS,

Plaintiff,

v.

TUOLUMNE COUNTY, et al.,

Defendants.

No.  1:25-cv-00925-JLT-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

(ECF No. 41)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed May 13, 2026.  (ECF No. 41.)  Defendants filed an opposition on June 3, 2026.  (ECF No. 45.)

**I.**

**LEGAL STANDARD**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 19 ¶ 4.  Further, where otherwise discoverable

1

information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

///

**II.**

**DISCUSSION**

Plaintiff seeks a court order directing Defendant "to produce the following requested items that he failed to produce with my first request for production of documents."  (ECF No. 41 at 1.)  Plaintiff's motion must be denied.

Defendant initially argues that Plaintiff failed to meet and confer with them before filing his motion. However, Plaintiff is proceeding pro se as a state prisoner challenging his conditions of confinement. Such cases are routinely exempted from the meet and confer and joint statement requirements and all motion practice in this case is governed by Local Rule 230(l). See ECF No. 19 at 2.  Accordingly, a failure to meet and confer does not provide a basis for denial of Plaintiff's motion.

Plaintiff did not attach to his motion to compel copies of his discovery requests or Defendant's responses and he does not cite in his motion any specific discovery request for which he challenges Defendant's response as deficient.  Indeed, the Court's first informational order specifically stated that if a response to discovery is found to be unsatisfactory the party seeking discovery may file a motion to compel, however, they must include a copy of the discovery propounded and the response to it. (ECF No. 3.)  It appears that Plaintiff challenges the fact that Defendant has not produced documents or other materials he perceives are responsive to his requests.  However, Defendant submits that "[w]hile Plaintiff asserts that Request Number 1 specifically asked for a number of particular documents, this is belied by the request actually received by Defendant, which merely sought Plaintiff's 'inmate control file.'"  (Declaration of Sienna Sweiven ("Sweiven Decl.") ¶ 2, Ex. 1.)  Plaintiff cannot seek to modify a discovery request by way of motion to compel.  O'Connor v. Cal. Dep't of Corr. & Rehab, Case No. 2:19-cv-0658 KJM KJN P, 2021 WL 4147106 at *6, (E.D. Cal. Sept. 13, 2021) (citing Lopez v. Florez, Case No. 1:08-cv-01975-LJO-JLT, 2013 WL 1151948 at *3 (E.D. Cal. Mar. 19, 2013)); Harris v. Kernan, Case No. 2:17-cv-0680 TLN KJN P, 2019 WL 3500515 at *3, n.3 (E.D. Cal. Aug. 1, 2019) (plaintiff cannot amend discovery request within motion to compel); Hisle v. Conanon, Case No. 1:17-cv-01400-LJO-SAB, 2018 WL 4444959 at *7 (E.D. Cal. Sept. 14, 2018) (plaintiff

3

seeking to narrow discovery request must do so by way of new request, not motion to compel).

In addition, a moving party should not seek to compel production of documents which are equally available to that moving party, such as documents in Plaintiff's central file. (ECF No. 3 at 5:2-5.) Although Plaintiff did not submit the copy of the actual request propounded on Defendant, it is apparent from his motion that he is seeking documents from his inmate file. Nonetheless, Defendant submits that he produced over 300 pages of documents from Plaintiff's file, including disciplinary actions, appeals, incident reports, requests, and grievances. (Sweiven Decl. ¶ 3.) While Plaintiff may believe that additional documents exist and are in the possession of Defendant, in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, see Fed. R. Civ. P. 11(b); see also Fed. R. Civ. P. 33(c). Further, Defendant is required to supplement his discovery responses should he learn that the responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Accordingly, Plaintiff's motion to compel must be denied.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 41) is **DENIED.**

IT IS SO ORDERED.

Dated:   **June 23, 2026**

_____

STANLEY A. BOONE
United States Magistrate Judge