UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. DAVIS,<br>Plaintiff,<br>v.<br>HURTADO,<br>Defendant. | No. 1:25-cv-00925-JLT-SAB (PC)<br>ORDER DENYING PLAINTIFF'S THIRD REQUEST FOR ISSUANCE OF SUBPOENA<br>(ECF No. 52) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third request for issuance of a subpoena directing a nonparty to produce certain documents, filed August 3, 2026. (ECF No. 52.)

This case is currently in the discovery phase and the deadline for the completion of all discovery is set for September 22, 2026. (ECF No. 19.) Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendant object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are

discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

In this instance, as with Plaintiff's first and second requests for issuance of subpoenas on a non-party, Plaintiff has not demonstrated that he sought the documents from Defendant through a request for the production of documents, electronically stored information, and/or tangible things, and, if he has done so, he has not filed a proper motion to compel the production of the documents. Accordingly, Plaintiff's third motion for the issuance of a subpoena duces tecum must be denied.

Plaintiff is cautioned against filing additional baseless motions, needlessly multiplying the proceedings, and wasting judicial resources. See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Delange v. Dutra Constr. Co., 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules"). Individuals proceeding in propria persona are bound by the Court's Local Rules just the same as licensed attorneys. See Local Rule 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.").

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's third request for issuance of a subpoena is DENIED.

IT IS SO ORDERED.

Dated: **August 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge